1      UNITED STATES DISTRICT COURT
2         DISTRICT OF PUERTO RICO

3    RENATO QUIÑONES-PAGÁN,

4         Plaintiff,
                                          Civil No. 08-2199 (JAF)
5         v.

6    ADMINISTRACIÓN DE CORRECCIÓN,
7    et al.,

8         Defendants.
9
10

11                    **OPINION AND ORDER**

12        Plaintiff, Renato Quiñones-Pagán, brings this action against

13   Defendants, the Administración de Corrección ("ADC"); Miguel Pereira,

14   former Secretary of the ADC; Ana López, Superintendent of the ADC;

15   Miguel Cabán-Rosado, head of correctional officers at the ADC; Olga

16   Álvarez, kitchen director at the ADC; and Canteen Correctional

17   Services ("Canteen"), seeking damages for mental and emotional

18   suffering caused by unconstitutional prison conditions. (Docket

19   Nos. 2, 19, 38, 29.) Defendants the ADC, Pereira, López, and Cabán-

20   Rosado ("Movants") move to dismiss under Rules 12(b)(1) and 12(b)(6)

21   of the Federal Rules of Civil Procedure. (Docket No. 23.) Plaintiff

22   opposes. (Docket Nos. 34, 40.)

23                            I.

24              **Factual and Procedural Synopsis**

25        Unless otherwise noted, we derive the following relevant facts

26   from Plaintiff's complaint. (Docket Nos. 38, 39.) As we must, we

1   assume that all of Plaintiff's allegations are true and make all

2   reasonable inferences in his favor. Alternative Energy, Inc. v. St.

3   Paul Fire & Marine Ins., Co., 267 F.3d 30, 36 (1st Cir. 2001).

4       Plaintiff is an inmate in the Puerto Rico prison system. On

5   January 20, 2008, Officer Santiago, a guard at the prison, placed him

6   in a cell that lacked ventilation, air conditioning, windows, and an

7   opening through which to pass food and water. As a result, the cell

8   became unbearably hot. López approved the cell placement, and was

9   aware that the air conditioning was not functioning, but did nothing

10  to resolve the situation. Plaintiff was again placed in a sealed,

11  non-air-conditioned cell in March 2008. The complaint does not state

12  the duration of Plaintiff's confinement in sealed, non-air-

13  conditioned cells.

14      At least one of Plaintiff's cells also lacked a functioning

15  toilet, forcing him to use a wash basin as a toilet for fifteen days.

16  On several occasions Álvarez deprived Plaintiff of food, even though

17  Plaintiff had told the prison staff that he had not been fed.

18  Plaintiff suffered humiliation and mental anguish as a result of this

19  treatment. Plaintiff attempted to exhaust administrative remedies.

20      On October 21, 2008, Plaintiff filed the present complaint in

21  federal district court, seeking monetary damages for the pain and

22  humiliation that he had suffered while he lacked air conditioning.

23  (Docket Nos. 2, 38.) On February 4, 2009, Plaintiff filed an amended

24  complaint adding allegations of failure to provide medical care.

Civil No. 08-2199 (JAF)                                              -3-

1    (Docket Nos. 19, 39.) Movants moved to dismiss on February 23, 2009

2    (Docket No. 23), and Plaintiff opposed on March 26, 2009 (Docket

3    No. 34).

4                                    **II.**

5                                  **Standard**

6    **A.    Rule 12(b)(1)**

7          Under Rule 12(b)(1), a defendant may move to dismiss an action

8    for lack of federal subject matter jurisdiction. See FED. R. CIV.

9    P. 12(b)(1). The party asserting jurisdiction has the burden of

10   demonstrating its existence. See Skwira v. United States, 344 F.3d

11   64, 71 (1st Cir. 2003) (citing Murphy v. United States, 45 F.3d 520,

12   522 (1st Cir. 1995)). Moreover, the court has "an obligation to

13   inquire sua sponte into its own subject matter jurisdiction."

14   McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).

15         Rule 12(b)(1) is a "large umbrella, overspreading a variety of

16   different types of challenges to subject-matter jurisdiction."

17   Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001).

18   A moving party may challenge the sufficiency of the plaintiff's

19   assertion of subject matter jurisdiction. Id. at 363. This requires

20   the court to take the plaintiff's "jurisdictionally-significant facts

21   as true" and "assess whether the plaintiff has propounded an adequate

22   basis for subject-matter jurisdiction." Id. Alternatively, when the

23   jurisdictional facts are distinct from the case's merits, a moving

24   party can bring a "factual challenge," in which case the court

Civil No. 08-2199 (JAF)                                                    -4-

1    addresses "the merits of the jurisdictional claim by resolving the

2    factual disputes between the parties." Id. __

3    **B.   Rule 12(b)(6)**

4         A defendant may also move to dismiss an action against him,

5    based solely on the complaint, for the plaintiff's "failure to state

6    a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

7    In assessing this motion, we "accept[] all well-pleaded facts as

8    true, and we draw all reasonable inferences in favor of the

9    [plaintiff]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962,

10   971 (1st Cir. 1993). However, mere legal conclusions "are not

11   entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. __,

12   129 S. Ct. 1937, 1950 (2009).

13        The complaint must demonstrate "a plausible entitlement to

14   relief" by alleging facts that directly or inferentially support each

15   material element of some legal claim. Gagliardi v. Sullivan, 513 F.3d

16   301, 305 (1st Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550

17   U.S. 544, 559 (2007)). "Specific facts are not necessary; the

18   statement need only give the defendant fair notice of what the . . .

19   claim is and the grounds upon which it rests." Erickson v. Pardus,

20   551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 559) (internal

21   quotation marks omitted).

22        In rare instances, we may dismiss on our own motion, after

23   granting the plaintiff notice and the opportunity to amend the

Civil No. 08-2199 (JAF)                                                    -5-

1    complaint or otherwise respond. Cepero-Rivera v. Fagundo, 414 F.3d

2    124, 130 (1st Cir. 2005).

3                                  **III.**

4                                **Analysis**

5        Because Plaintiff is pro se, we construe his pleadings more

6    favorably than we would those drafted by an attorney. See Erickson v.

7    Pardus, 551 U.S. 89, 94 (2007). However, his pro-se status does not

8    excuse him from complying with procedural and substantive law. Ahmed

9    v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). Plaintiff alleges

10   that Defendants violated his constitutional rights by subjecting him

11   to inhumane conditions of confinement. (Docket Nos. 2, 38.) We

12   address in turn Movants' arguments that we should dismiss for

13   (1) lack of subject matter jurisdiction, and (2) failure to state a

14   claim. (Docket No. 23.)

15   **A.   Subject Matter Jurisdiction**

16       Movants argue that we lack subject matter jurisdiction because

17   Plaintiff has failed to exhaust administrative remedies and because

18   some Defendants are protected by Eleventh Amendment immunity.

19   (Docket No. 23.) We address these issues in turn.

20       **1.   Failure to Exhaust**

21       Defendants move to dismiss under Rule 12(b)(1) for failure to

22   exhaust administrative remedies as required by the Prison Litigation

23   Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

Civil No. 08-2199 (JAF)                                                    -6-

1        Under the PLRA, "[n]o action shall be brought with respect to
2    prison conditions under . . . Federal law, by a prisoner confined in
3    any jail, prison, or other correctional facility until such
4    administrative remedies as are available are exhausted." 42 U.S.C.
5    § 1997e(a). Although mandatory, the PLRA's exhaustion requirement is
6    not jurisdictional. Casanova v. Dubois, 289 F.3d 142, 147 (1st Cir.
7    2002). As the Supreme Court has clarified, exhaustion is ordinarily
8    an affirmative defense for the defendant to raise and prove. Jones v.
9    Bock, 549 U.S. 199, 216 (2007). "[I]nmates are not required to
10   specially plead or demonstrate exhaustion in their complaints." Id.
11   Thus, dismissal under Rule 12(b)(1) for failure to exhaust is never
12   appropriate, and dismissal under Rule 12(b)(6) is proper only if the
13   complaint on its face conclusively shows that the plaintiff could not
14   have exhausted his remedies. Id. at 215; see Trans-Spec Truck Serv.
15   v. Caterpillar, Inc., 524 F.3d 315, 320 (1st Cir. 2008) (permitting
16   dismissal on basis of affirmative defenses apparent in the
17   complaint). If the complaint does not furnish grounds for dismissal,
18   a defendant must raise exhaustion in his answer and move to close the
19   case in later proceedings. Casanova v. Dubois, 304 F.3d 75, 78 (1st
20   Cir. 2002).

21       Here, Plaintiff's complaint does not rule out the possibility
22   that he exhausted his administrative remedies. (See Docket No. 38.)
23   Accordingly, we deny Movants' motion to dismiss for failure to
24   exhaust administrative remedies.

Civil No. 08-2199 (JAF)                                                    -7-

1          **2.   Eleventh Amendment Immunity**

2          Movants argue that we must dismiss all claims against the ADC,

3  and Pereira, López, and Cabán-Rosado in their official capacities, as

4  barred by the Eleventh Amendment.[1] (Docket No. 23.)

5          Under the Eleventh Amendment, "an unconsenting State is immune

6  from federal-court suits brought by its own citizens as well as by

7  citizens of another State." Edelman v. Jordan, 415 U.S. 651, 663

8  (1974). The Commonwealth of Puerto Rico is treated as a state for

9  Eleventh Amendment purposes. Metcalf & Eddy, Inc. v. P.R. Aqueduct &

10 Sewer Auth., 991 F.2d 935, 939 (1st Cir. 1993)). The ADC and its

11 employees, in their official capacities, benefit from immunity from

12 monetary damages. Padilla Cintrón v. Rosselló González, 247 F. Supp.

13 2d 48, 57-58 (D.P.R. 2003).

14         Here, Plaintiff brings only claims for monetary damages.

15 (Docket No. 2.) Accordingly, we dismiss all claims against the ADC,

16 and dismiss claims against Pereira, López, and Cabán-Rosado in their

17 official capacities.

18 **B.   Failure to State a Claim**

19         Movants argue that Plaintiff has failed to state a claim arising

20 from the conditions of his confinement because he has not

21 demonstrated that he was deprived of a federally-protected right or

---

[1] Movants address Eleventh Amendment immunity in their section on Rule 12(b)(6). However, because the Eleventh Amendment restricts the judicial power of the courts, we address Eleventh Amendment immunity under Rule 12(b)(1). See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 72-73 (1996).

1    that Defendants acted with the requisite mental state to establish

2    liability. (Docket No. 23.) We also consider, sua sponte, whether

3    Plaintiff has failed to state a claim for mental or emotional damages

4    because he does not allege any physical injuries, as required by the

5    Prison Litigation Reform Act ("PLRA"). Finally, Movants argue that we

6    should dismiss Plaintiff's claim for failure to provide medical care,

7    asserting that Plaintiff is "judge-shopping." (Docket No. 23.)

8        1.   **Eighth Amendment**

9        The Eighth Amendment prohibits cruel and unusual punishment.

10   U.S. Const. amend. VIII. "'The treatment a prisoner receives in

11   prison and the conditions under which he is confined are subject to

12   scrutiny under the Eighth Amendment.'" Giroux v. Somerset County, 178

13   F.3d 28, 31 (1st Cir. 1999) (quoting Farmer v. Brennan, 511 U.S. 825,

14   832 (1994)). Prison officials must provide humane conditions of

15   confinement by "ensur[ing] that inmates receive adequate food,

16   clothing, shelter, and medical care" and "'tak[ing] reasonable

17   measures to guarantee the safety of the inmates.'" Id. (quoting

18   Farmer, 511 U.S. at 832).

19       To establish an Eighth Amendment claim based on prison

20   conditions, a prisoner must show (1) that a prison official denied

21   him "the minimal civilized measure of life's necessities," Farmer,

22   511 U.S. at 834, and (2) that the prison official's state of mind was

23   that of "deliberate indifference to inmate health or safety," id.

24   (quoting Wilson v. Seiter, 501 U.S. 294, 297 (1991)). A plaintiff can

1    show deliberate indifference by showing that prison officials did

2    nothing, despite obvious and known risks to health or safety. Id. at

3    837-38.

4                    a.   Lack of Functioning Toilet

5         A plaintiff may establish an Eighth Amendment violation by

6    alleging facts showing that "he was purposefully subjected to

7    dehumanizing prison conditions." Mitchell v. Newryder, 245 F. Supp.

8    2d 200, 204 (D. Me. 2003). For example, in Newryder, the district

9    court found that an inmate stated a claim for an Eighth Amendment

10   violation by alleging that a prison official refused to allow him to

11   use a toilet, causing him to have a bowel movement in his pants, and

12   then refused to allow him to clean himself. Id. at 203.

13        By asserting that he was forced to use a washbasin as a toilet

14   for more than two weeks, Plaintiff has alleged facts demonstrating

15   that prison officials deprived him of "the minimal civilized measure

16   of life's necessities." See id. at 204-05. However, Plaintiff has not

17   alleged that Defendants possessed the requisite culpable mental

18   state, since he has not asserted facts demonstrating that this

19   deprivation was purposeful, or that Defendants were aware of the

20   deprivation and did nothing. See id. at 203. Accordingly, we dismiss

21   Plaintiff's claims based on the assertion that his cell lacked a

22   toilet.

Civil No. 08-2199 (JAF)                                                    -10-

1        _____      **b.   Cell Conditions**

2        Prison officials may not provide inmates with a nutritionally-

3   inadequate diet. <u>Domegan v. Fair</u>, 859 F.2d 1059, 1063 (1st Cir.

4   1988); <u>see</u> <u>Foster v. Runnels</u>, 554 F.3d 807, 812-14 (9th Cir. 2009).

5   Nor may officials isolate prisoners for long periods in substandard

6   conditions. <u>See</u> <u>Domegan</u>, 859 F.2d at 1064-65; <u>see also</u> <u>Graham v.</u>

7   <u>Warden, N.H. State Prison for Women</u>, No. 07-295, 2007 WL 4468724, at

8   *5 (D.N.H. Dec. 13, 2007) (finding that inadequate heating and

9   ventilation can create unconstitutional conditions).

10       Plaintiff states that he was deprived of food on several

11  occasions and was kept in an a unventilated, non-air-conditioned cell

12  that became unbearably hot. (Docket No. 38.) He asserts that the

13  prison guards knew that he was not given food and that the air

14  conditioning was malfunctioning, but did not correct the situation.

15  (<u>Id.</u>) However, he has alleged no facts relating to the duration of

16  his confinement. (<u>Id.</u>) We, therefore, order Plaintiff to show cause

17  why we should not dismiss his complaint for failure to state a claim

18  for inhumane conditions of confinement. <u>See</u> <u>Domegan</u>, 859 F.2d at

19  1063-65.

20       _____  **2.   Failure to Allege Physical Injury**

21       The PLRA provides that a prisoner may not bring federal civil

22  suits for mental or emotional injuries suffered while incarcerated

23  without also establishing physical injury. 42 U.S.C. § 1997e(e); <u>see</u>

24  <u>McGoldrick v. Farrington</u>, 462 F. Supp. 2d 112, 113 (D. Me. 2006).

Civil No. 08-2199 (JAF)                                          -11-

1    The physical injury need not be substantial, but must be more than *de*

2    *minimis*. See, e.g., <u>Mitchell v. Horn</u>, 318 F.3d 523, 534-35 (3rd Cir.

3    2003); <u>Oliver v. Keller</u>, 289 F.3d 623, 626-28 (9th Cir. 2002); <u>Harris</u>

4    <u>v. Garner</u>, 190 F.3d 1279, 1286-87 (11th Cir. 1999), <u>rev'd en banc in</u>

5    <u>part on other grounds</u>, 216 F.3d 970 (11th Cir. 2000); <u>Siglar v.</u>

6    <u>Hightower</u>, 112 F.3d 191, 193-94 (5th Cir. 1997).

7         Here, Plaintiff seeks damages for mental and emotional suffering

8    from being kept in an unventilated cell without air conditioning, and

9    from being denied food. (Docket Nos. 2, 38.) However, he has not

10   alleged that he suffered any physical injury. (<u>See</u> <u>id.</u>) We,

11   therefore, order Plaintiff to show cause why we should not dismiss

12   his complaint, without prejudice, for failure to allege damages

13   compensable under the PLRA. <u>See</u> 42 U.S.C. § 1997e(e); <u>McGoldrick</u>, 462

14   F. Supp. 2d at 113.

15        **3.   <u>Failure to Provide Medical Care</u>**

16        Movants argue that we should dismiss Plaintiff's claims for

17   inadequate medical care because he is engaging in "judge-shopping,"

18   as he included identical claims as part of another suit currently

19   pending before the Honorable Raymond L. Acosta. (Docket No. 23; <u>see</u>

20   Case No. 07-1327, Docket No. 40.) We do not agree with Movants that

21   Plaintiff should be sanctioned for judge-shopping. Nonetheless, as

22   Plaintiff is represented by an attorney in the proceedings in Case

23   No. 07-1327, we dismiss without prejudice his claims for failure to

24   provide medical care, in the interest of judicial economy.

Civil No. 08-2199 (JAF)                                        -12-

1                                     **IV.**

2                                **Conclusion**

3          In accordance with the foregoing, we hereby **GRANT IN PART**

4     Movants' motion to dismiss (Docket No. 23). We **DISMISS WITH PREJUDICE**

5     the claim against the ADC and Pereira, López, and Cabán-Rosado in

6     their official capacities and the claim for lack of a toilet. We also

7     **DISMISS WITHOUT PREJUDICE** his claims for failure to provide medical

8     care.

9          We **ORDER** Plaintiff to **SHOW CAUSE, on or before July 29, 2009,** as

10    to why we should not dismiss without prejudice his other Eighth

11    Amendment claims relating to conditions of confinement for failure to

12    allege physical injury and failure to allege facts relating to the

13    duration of his confinement in substandard conditions.

14         **IT IS SO ORDERED.**

15         San Juan, Puerto Rico, this 10th day of July, 2009.

16                                    S/José Antonio Fusté
17                                    JOSE ANTONIO FUSTE
18                                    Chief U.S. District Judge